IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,        ) | |
| ) | |
| Plaintiff,       ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION TO DISMISS** |
| vs.        ) | |
| ) | Case No. 1:22-cr-130 |
| Dakota Royce,        ) | |
| ) | |
| Defendant.       ) | |

Before the Court is the Defendant's motion to dismiss filed on January 17, 2023. See Doc. No. 30. The Government filed a response in opposition to the motion on January 25, 2023. See Doc. No. 35. The Defendant filed a reply brief on January 31, 2023. See Doc. No. 36. For the reasons outlined below, the motion is denied. Because the motion presents only questions of law, the motion for hearing is also denied.

**I.   BACKGROUND**

On August 3, 2022, a federal grand jury returned an indictment charging the Defendant with three separate violations of federal firearms laws. See Doc. No. 2. Count One charges the Defendant with possession of an illegal firearm (short-barrel rifle) in violation of 26 U.S.C. §§ 5861(c) and 5871. Count Two charges the Defendant with manufacture of illegal firearm (short-barrel rifle) in violation of 26 U.S.C. §§ 5861(f) and 5871. Count Three charges the Defendant with possession of an unregistered firearm (silencer) in violation of 26 U.S.C. §§ 5841, 5845(a)(7), 5861(d), and 5871. Counts One and Two pertain to the same firearm, which the Defendant made by combining an upper and lower receiver to make the rifle. The Defendant, who is not otherwise prohibited from

possessing firearms, contends the charges violate his Second Amendment rights and should be dismissed.

## II.     LEGAL DISCUSSION

The Second Amendment to the United States Constitution provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II.  This right is "deeply rooted in this Nation's history and tradition."  McDonald v. City of Chicago, Ill., 561 U.S. 742, 768 (2010).

In *District of Columbia v. Heller*, the United States Supreme Court struck down "the District's ban on handgun possession in the home" because it violates the Second Amendment. 554 U.S. 570, 635 (2008).  The Supreme Court reasoned the Second and Fourteenth Amendment protect ordinary law-abiding citizens' right to possess "any lawful firearm in the home operable for the purpose of immediate self-defense."  Id.  Nevertheless, *Heller* recognized, "[l]ike most rights, the right secured by the Second Amendment is not unlimited."  Id. at 626.  Indeed, "[f]rom Blackstone through the 19th-century, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."  Id.  For example, prohibitions against carrying concealed weapons were largely upheld by 19th-century courts.  Id.  The Supreme Court then clarified, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of firearms." Id. 626-27.  The

Supreme Court identified these types of laws as "presumptively lawful regulatory measures only as examples; [the Court's] list does not purport to be exhaustive." Id. at 627, n.26.

In 2022, the Supreme Court was asked to review New York's licensing regime that required applicants seeking to carry a handgun outside the home to show "some additional special need" to carry a handgun outside the home. New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2122 (2022). In *Bruen*, the Supreme Court held that, while the right is not unlimited, "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." Id. The Supreme Court explained the standard to be applied when applying the Second Amendment as follows:

> When the Second Amendment's plain text covers an individuals conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

Bruen, 142 S. Ct. at 2129–30 (internal citations and quotations omitted).

In so holding, the Supreme Court explained that we must look to history to understand the Second Amendment because the Second Amendment codified a pre-existing right. Id. at 2127. The Supreme Court also noted that in *Heller*, "we found it fairly supported by the historical tradition of prohibiting the carrying of dangerous and unusual weapons that the Second Amendment protects the possession and use of weapons that are in common use at the time. Id. at 2128 (internal citations and quotations omitted).

A.   **SHORT-BARREL RIFLE**

The Government contends the Defendant does not have a Second Amendment right to possess a short-barrel rifle because such firearms are "dangerous and unusual" weapons that are not protected by the Second Amendment. The Court agrees.

As Justice Kavanaugh pointed out in his concurring opinion in *Bruen*, the Supreme Court's precedent establishes that there exists a "historical tradition of prohibiting the carrying of dangerous and unusual weapons." Bruen, 142 S. Ct. at 2162 (quoting Heller, 554 U.S. at 626–27) (Kavanaugh, J., concurring). The "Second Amendment is neither a regulatory straightjacket nor a regulatory blank check." Id. As stated by Justice Alito in *McDonald*,

> It is important to keep in mind that *Heller*, while striking down a law that prohibited the possession of handguns in the home, recognized that the right to keep and bear arms is not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill, laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

McDonald, 561 U.S. at 786, 894 (internal citations and quotations omitted). In *United States v. Miller*, the Supreme Court held "[i]n the absence of any evidence tending to show that possession or use of a 'shotgun having a barrel of less than eighteen inches in length' at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument." 307 U.S. 174, 179 (1939). In *Heller*, the Supreme Court stated, "[w]e therefore read *Miller* to say only that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." Heller, 554 U.S. at 625.

With theses principles established by *Miller*, *Heller*, *McDonald*, and *Bruen* in mind, the Court concludes that short-barrel rifles fall within the historical tradition which prohibits the carrying of dangerous and unusual weapons. As the Eighth Circuit Court of Appeals has noted,

> *Heller* said that there is no Second Amendment right to possess a short-barreled shotgun, 554 U.S. at 624, 128 S. Ct. 2783; *see also* United States v. Miller, 307 U.S. 174, 178, 59 S. Ct. 816, 83 L. Ed. 1206 (1939), and a plurality of the Court previously observed in a different context that a short-barreled rifle is a "concealable weapon" that is "likely to be used for criminal purposes." United States v. Thompson/Center Arms Co., 504 U.S. 505, 517, 112 S. Ct. 2102, 119 L. Ed. 2d 308 (1992) (plurality opinion). Other courts have seen no constitutional distinction between short-barreled shotguns and rifles in the wake of Heller. *See*, *e.g.*, United States v. Gilbert, 286 Fed. Appx. 383, 386 (9th Cir. 2008); United States v. Cox, 235 F. Supp. 3d 1221, 1227 (D. Kan. 2017); United States v. Gonzales, No. 2:10-cr-00967, 2011 WL 5288727, at *6 (D. Utah Nov. 2, 2011).

United States v. Stepp-Zafft, 733 F. App'x 327, 329 (8th Cir. 2018). Clearly, there is no Second Amendment right to possess a short-barrel shotgun and a logical extension of that prohibition would encompass short-barrel rifles. See United States v. Cox, 906 F.3d 1170, 1185-86 (10th Cir. 2018) (comparing short-barrel rifles to short-barrel shotguns and finding the possession of a short barrel rifle falls outside the Second Amendment guarantee). Short-barrel rifles and shotguns are "dangerous and unusual" weapons that are easily concealable and thus not protected by the Second Amendment. See United States v. Fincher, 538 F.3d 868, 874 (8th Cir. 2008) (citing *Heller* for its conclusion that possession of a short-barrel shotgun was not protected by the Second Amendment). The Court finds the analysis in *Cox* persuasive and concludes short-barrel rifles are not protected by the Second Amendment.

Having determined that short-barrel rifles are not protected by the Second Amendment, it necessarily follows that the manufacture of a short barrel rifle is also not protected by the Second Amendment. As the Tenth Circuit explained in *Cox*, the Second Amendment cannot be said to

5


"protect the right to buy and sell instruments, such as silencers, that fall outside the ambit" of the Second Amendment. Cox, 906 F.4th at 1187. In *Cox*, the instrument was a silencer and the conduct was buying and selling. Id. The same principle applies in this case, which involves manufacturing rather than selling and a short-barrel rifle rather than a silencer. Both silencers and short-barrel rifles fall outside the ambit of the Second Amendment and thus does their sale and manufacture.

Furthermore*, Heller* included within its list of presumptively lawful regulatory measures "laws imposing conditions and qualifications on the commercial sale of arms." Heller, 554 U.S. at 626-27. The regulation of the manufacture of short barrel firearms would seem to be the same sort of regulatory measure of which *Heller* approved. See Cox, 906 F.3d at 1187 (finding several regulatory provisions in the National Firearms Act did not infringe on the Second Amendment). It is well-established that the National Firearms Act (26 U.S.C. §§ 5801-5872) is constitutional under the Second Amendment. United States v. Miller, 11 F.4th 944, 950 (8th Cir. 2021); United States v. Holton, No. 3:21-CR-0482-B, 2022 WL 16701935, at *3 (N.D. Tex. Nov. 3, 2022) (finding the National Firearms Act constitutional because it regulates dangerous and unusual weapons not protected under the Second Amendment).

      B.      **SILENCER**

The Government contends there is no Second Amendment right to possess a silencer. The Court agrees. Unlike rifles, silencers are not considered "arms" within the meaning of the Second Amendment. See Heller, 554 U.S. at 582 (explaining that the Second Amendment applies to "bearable arms"). Arms are defined as "weapons of offence, or armour of defense" and "any thing that a man wears for his defence, or takes into his hands, or useth in wrath to cast at or strike


another" to include all firearms and even a bow and arrow. Id. at 581. A silencer is not necessary to make a firearm operable. Rather, a silencer is simply a means to reduce sound omitted from a firearm. "A silencer is a firearm accessory; it's not a weapon in itself (nor is it 'armour of defence')." Cox, 906 F.3d at 1186. The Court finds *Cox* persuasive. Other courts have come to the same conclusion as *Cox*. United States v. McCartney, 357 F. App'x 73, 76 (9th Cir. 2009) (holding that silencers are not protected by the Second Amendment); United States v. Al-Azhari, No. 8:20-CR-206-T-60AEP, 2020 WL 7334512, at *3 (M.D. Fla. Dec. 14, 2020) (finding a silencer is not a bearable arm within the meaning of the Second Amendment); see also Stepp-Zafft, 733 F. App'x at 329–30 (on plain error review, finding no plain error where district court failed to dismiss unregistered silencer charge on Second Amendment grounds while noting "silencers are not typically possessed by law-abiding citizens for lawful purposes). The Court concludes as a matter of law that a silencer is not a firearm or other bearable arm protected by the Second Amendment.

### III.   CONCLUSION

In summary, the Court concludes the Second Amendment does not protect the possession or manufacture of short-barrel rifles or the possession of a silencer, and thus the National Firearms Act does not burden a protected right. For the reasons set forth above, the Defendant's motion to dismiss (Doc. No. 30) and motion for hearing (Doc. No. 32) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 22ns day of February, 2023.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court